IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 20-cv-01619-RM

In re KANAL VAN GASTON,

    Debtor.

KANAL VAN GASTON,

    Plaintiff,

v.

U.S. DEPARTMENT OF EDUCATION, and
GREAT LAKES HIGHER EDUCATION CORPORATION,

    Defendants.

---

## ORDER

---

This bankruptcy case is before the Court on the Motion to Dismiss Appeal (ECF No. 10) filed by Defendant U.S. Department of Education ("DOE"). Plaintiff has responded to the motion.[1] (ECF No. 14.) Construing Plaintiff's Notice of Appeal (ECF No. 1) as a motion for leave to appeal, the Court grants DOE's motion, denies leave to appeal, and dismisses this appeal. The Court also denies Plaintiff's motion to proceed without prepaying court fees or costs. (ECF No. 2.)

---

[1] Plaintiff proceeds pro se; thus, the Court liberally construes his pleadings. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). But the Court does not act as his advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## I. LEGAL STANDARD

The Court may exercise jurisdiction over an interlocutory order of a bankruptcy court only if leave to appeal is granted. *In re Sorrells*, 218 B.R. 580, 582 (B.A.P. 10th Cir. 1998). Such leave "should be granted with discrimination and reserved for cases of exceptional circumstances. Appealable interlocutory orders must involve a controlling question of law as to which there is substantial ground for difference of opinion, and the immediate resolution of the order may materially advance the ultimate termination of the litigation." *Id.* (citation omitted).

## II. BACKGROUND

Citing years of substantial financial hardship and homelessness, Plaintiff filed an action in bankruptcy court seeking to discharge his student-loan debt of approximately $224,000. The notice of appeal identifies one issue: the bankruptcy court's granting of a motion to extend the time for completing discovery.

## III. DISCUSSION

Plaintiff has not shown that the bankruptcy court's decision to extend the time to complete discovery in this case involves any controlling question of law as to which there is substantial ground for difference of opinion. In its motion for an extension, DOE argued that good cause existed for waiving the court-imposed deadline for amending the scheduling order due to restrictions imposed due to the COVID-19 pandemic as well as Plaintiff's refusal to be deposed. (ECF No. 9-1 at 17-19.) The bankruptcy court apparently agreed, granting the extension. But these are not the type of exceptional circumstances warranting this Court's involvement with the bankruptcy court's handling of its own docket, and therefore leave to appeal is not appropriate in this case.

Moreover, because Plaintiff has not offered any nonfrivolous arguments in support of his appeal, the Court further concludes he is not entitled to proceed without prepayment of costs or fees.  *See DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991).

**IV.     CONCLUSION**

Accordingly, the Court GRANTS DOE's Motion to Dismiss Appeal (ECF No. 10) and DENIES leave to appeal (ECF No. 1).  Plaintiff's application to proceed without prepayment of costs or fees (ECF No 2) is DENIED as well, and the Clerk is directed to CLOSE this case.

DATED this 7th day of December, 2020.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge